IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NORMAN UNDERSTEIN AS TRUSTEE  :
OF THE JILL S. PARRECO        :
REVOCABLE TRUST, et al.
                              :

    v.                        :   Civil Action No. DKC 14-1452

                              :

THOMAS McKIVER               :

                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this confessed judgment case is an unopposed motion for attorney's fees and costs filed by Plaintiffs Norman Understein as Trustee of the Jill S. Parreco Revocable Trust, Norman Understein as Trustee of the Norman Understein Revocable Trust, and Norman Understein as Agent for Purchasers (collectively, "Plaintiffs") (ECF No. 51).  The court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Plaintiffs' motion will be granted, but the attorney's fees will be reduced.

**I.   Background**

The facts and procedural history have been explained in a prior opinion and need not be repeated.  (*See* ECF No. 49).  On December 11, 2014, the court issued a memorandum opinion and order adjudicating multiple motions and entering judgment in

favor of Plaintiffs and against Defendant Thomas McKiver in the amount of $229,481.18 in principal and interest calculated as of December 31, 2013 plus post judgment interest, less payments made by Defendant on the judgment. (*See* ECF No. 50 ¶ 5). Plaintiffs were informed that any motion for attorney's fees and costs should be filed within fourteen days in accordance with Local Rule 109 and Appendix B.  Counsel for Plaintiffs moved for attorney's fees and costs on December 24, 2014. (*See* ECF No. 51).

## II. Analysis

In a diversity action, state law governs the right to recover attorney's fee as well as the method of determining the amount. *See, e.g., Bistro of Kansas City, Mo., LLC v. Kansas City Live Block 125 Retail, LLC*, Civ. Action No. ELH-10-2726, 2013 WL 6198836, at *5 (D.Md. Nov. 26, 2013); *Ranger Const. Co. v. Prince William County School Board*, 605 F.2d 1298, 1301 (4th Cir. 1979).  The so-called "American Rule" provides "generally that the prevailing party may not recover its attorney's fees from the losing party." *Skeens v. Paterno,* 60 Md.App. 48, 67, *cert. denied,* 301 Md. 639 (1984).  There are a number of well-recognized exceptions to this rule.  One of them applies when the parties by contract agree that fees shall be paid by the loser.  *Metalcraft, Inc. v. Pratt*, 65 Md. App. 281, 300-01

(1985); *Qualified Builders, Inc. v. Equitable Trust Co.,* 273 Md. 579 (1975).

As noted in the December 11, 2014 memorandum opinion, Paragraph 6(E) of the Demand Promissory and Line of Credit Note signed by Defendant states that the "Note Holder will have the right to be paid back [] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses include, for example, reasonable attorneys' fees, court costs and other collection costs."  (ECF No. 27-1, at 3).  Paragraph 8 of the Secured Debentures states: "[s]hould this Debenture be referred to an attorney for collection, whether or not judgment has been confessed or suit has been filed, the Borrower shall pay all the holder's reasonable costs, fees and expenses, including reasonable attorneys' fees resulting from such referral."  (ECF No. 27-2, at 3 & ECF No. 27-3, at 3).  Thus, the issue is whether the fees requested by Plaintiffs' attorney are reasonable.

Plaintiffs are represented by Stephen H. Ring ("Mr. Ring") of Stephen H. Ring, P.C.  Mr. Ring indicates in his motion seeking attorney's fees that "[a] common formula for attorney's fees in collections on promissory notes is 15% of the face amount, which, in this case, would be $40,000."  (ECF No. 51, at 2).  Mr. Ring requests total attorney's fees in the amount of $43,890; fifteen percent of $200,000 (the combined face amount

of the debt instruments), however, is $30,000.  In any event, "Maryland law limits the amount of contractual attorney['］s fees to actual fees incurred. . . .  In addition, the amount must be reasonable." *SunTrust Bank v. Goldman*, 201 Md.App. 390, 398 (2011).

"Courts should use the factors set forth in Rule 1.5 [of the Maryland Lawyers' Rules of Professional Conduct] as the foundation for analysis of what constitutes a reasonable fee when the court awards fees based on a contract entered by the parties authorizing an award of fees." *Monmouth Meadows Homeowners Ass'n v. Hamilton*, 416 Md. 325, 336-37 (2010).  The factors delineated in Rule 1.5 are: (1) the time and labor required, the novelty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent.  If the court determines that the requested fees are reasonable, it must then "weigh the

fees requested by the results achieved and decide whether an upward or downward adjustment in the award is warranted." *Hyundai Motor America v. Alley*, 183 Md.App. 261, 277 (2008). The court is required to explain how the lodestar factors affected its decision to award fees. *Id.*

Here, Mr. Ring asks for an award of attorney's fees in the amount of $43,680.00. (*See* ECF No. 51-1). He requests an hourly rate of $280. In support of the requested hourly rate, Mr. Ring submits his own affidavit stating that he was admitted to the bar in 1978 and has continuously practiced law in Maryland since then. (ECF No. 51, at 1; ECF No. 51-1). He states that his practice has included commercial litigation and general civil litigation for the last thirty years. (ECF No. 51-1, at 1). The court's Local Rules Guidelines, which set forth a range of reasonable rates for legal services based upon experience and qualifications, suggest that attorneys with Mr. Ring's experience generally bill at a rate of $300 to $475 per hour. *See* Local Rules App'x B, at 3(d). Although Plaintiffs' attorney should have submitted an affidavit from an outside practitioner attesting to the reasonableness of the hourly rate for this confessed judgment case, his requested rate of $280 per hour is reasonable considering his experience.

As for the hours worked, Mr. Ring represents that he spent a total of 156 hours, although the provided itemization reflects

a total of 152.75 billed hours, (*see* ECF No. 51-1, at 1-10), which is the figure that will be used as the starting point. The affidavit from Mr. Ring sets forth in sufficient detail the nature of the work, along with the time spent on each task from June 6, 2013 until December 11, 2014.  Mr. Ring explains:

> This case entailed more work than a typical suit on a confessed judgment note for several reasons: there were three debt instruments with supporting documents, involving several parties, that had to be read together to present the complete claim, and this required careful reading and a more complex and detailed statement of facts than in a typical case; Plaintiff[s] undertook efforts prior to suit and after the complaint was filed to negotiate terms with Defendant and others to avoid the need to obtain a judgment against Defendant, but these efforts were in vain; Defendant engaged counsel to resist the suit; Defendant removed the suit from state court to this Court, and filed several papers raising far-ranging arguments that required complete responses; Defendant's posture invited the filing of a motion to dismiss the counterclaim, a motion for summary judgment, and an amended complaint, all of which required substantial work. Defendant's sudden and unexplained withdrawal of his filings should not discount the work that was required for Plaintiff[s] during the contested phases of the suit.

(ECF No. 51-1, at 2).

Mr. Ring is correct that the procedural posture of this case was somewhat unusual in that Defendant eventually withdrew four filings, including: (1) the motion to vacate confessed

judgment; (2) the counterclaim; (3) opposition to Plaintiffs' motion for summary judgment; and (4) the third-party complaint. Mr. Ring will be credited for the time spent having to prepare responses to the various filings by Defendant. The necessity of filing the motion for summary judgment, however, after Plaintiffs had already opposed Defendant's motion to vacate confessed judgment and before any discovery had taken place, is unclear. Based on the itemized records Mr. Ring provides, he expended approximately 22 hours on work related to the motion for summary judgment. (*See* ECF No. 51-2, at 7-8). This figure will be reduced by 10 hours. The remaining hours appear to be reasonable and will be awarded. Mr. Ring will be credited with 142.75 hours for work performed at an hourly rate of $280 (resulting in $39,970).

Having established that $39,970 for 142.75 hours of work is reasonable, the court must consider whether an adjustment of the award is warranted based upon the outcome of the case. Mr. Ring achieved a favorable result for his clients having had judgment entered in their favor. The work underlying the requested fees largely appears to have been necessary and performed in an efficient manner without duplication. Mr. Ring was the only attorney on the case. Accordingly, Plaintiff is entitled to $39,970 in attorney's fees.

Plaintiff additionally seeks reimbursement of costs in the amount of $210, consisting of a $135 filing fee in the Circuit Court for Montgomery County and a $75 service of process fee in Connecticut.  (ECF No. 51-2, at 10).  Fed.R.Civ.P. 54(d)(1) provides that "[u]nless a general statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Taxation of costs is limited, however, to items enumerated in 28 U.S.C. § 1920, including, as relevant here, "[f]ees of the clerk and marshal."  28 U.S.C. § 1920(1).  The filing fee and fee associated with service of process are taxable.  Accordingly, costs will be taxed in favor of Plaintiffs in the amount of $210.

## III. Conclusion

The motion for attorney's fees and costs will be granted, but the attorney's fees will be reduced.  A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
